UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE FOR LEHMAN XS TRUST
MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2007-2N,

    Plaintiff

v.                                             CASE No. _____

HILARIA M. VALENTIN

    Defendant
_____/

**COMPLAINT TO FORECLOSE MORTGAGE**

I.

INTRODUCTION

U.S. Bank National Association, As Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-2N files this complaint to foreclose a certain mortgage given by the Defendant-Mortgagor, Hilaria M. Valentin, encumbering the property at 83 Metropolitan Road, Providence, Rhode Island. The Defendant-Mortgagor has defaulted on her obligation to make monthly payments under the mortgage and note which it secures and Plaintiff now seeks to judicially foreclose the mortgage pursuant to R.I. Gen. Laws §34-27-1 and §34-27-3.2(d)(5).

II.

PARTIES

1. Plaintiff, U.S. Bank National Association, As Trustee For Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-2N ("U.S. Bank"), is national bank organized under the laws of the United States with a principal place of business at 425 Walnut Street, Cincinnati, Ohio, 45202.

1

2. Defendant, Hilaria M. Valentin, is an individual who, upon information and belief, resides at the property 83 Metropolitan Road, Providence, RI 02908.

III.

JURISDICTION AND VENUE

3. The Court has original jurisdiction over this action involving the Plaintiff's right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1) since there is complete diversity between the Plaintiff and the Defendant and the amount in controversy is more than $75,000.00 in that the outstanding principal balance due and owing on the mortgage which U.S. Bank now seeks to foreclose is $244,061.68.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

IV.

FACTS

5. Anna F. Antenucci, Pasco A. Corona and Lucy M. Corona granted the property to Anna Antenucci, Pasco A. Corona, and Lucy M. Corona, as joint tenants by a Quit Claim Deed dated April 23, 1973 and recorded with the Providence Land Evidence Records ("LER") on April 24, 1973 in Book 1174, Page 454.

6. Anna F. Antenucci, Pasco A. Corona and Lucy M. Corona granted the property to Pasco A. Corona and Lucy M. Corona by a Quit Claim Deed dated May 27, 1998 and recorded with the LER on May 28, 1998 in Book 3808, Page 316.

7. Pasco A. Corona and Lucy M. Corona conveyed the property to sole owner Hilaria M. Valentin by deed dated October 15, 2004 and recorded with the LER on October 15, 2004 in Book 6852, Page 113.

8. Hilaria M. Valentin secured a loan from MortgageIt, Inc. in the amount of $293,600.00 on June 19, 2006 (the "Loan").

9. This mortgage is evidenced by an Adjustable Rate Note in the original principal amount of $293,600.00 dated June 19, 2006, given by Hilaria M. Valentin to MortgageIt, Inc. (the "Note"). The note contains an Allonge with a special indorsement by MortgageIt, Inc. to IndyMac Bank F.SB. and an indorsement in blank from IndyMac Bank F.S.B.  U.S. Bank is the owner and holder of the Note and it or its designated document custodian has physical possession of the Note.  Ocwen Loan Servicing, LLC. ("Ocwen"), with principal offices in West Palm Beach, Florida, services the loan on behalf of U.S. Bank. A true and accurate copy of the Note is attached hereto as <u>Exhibit 1</u>.

10. The Note is secured by a mortgage given by Hilaria M. Valentin to Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for MortgageIt, Inc. encumbering the Property in the original principal amount of $293,600.00 dated June 19, 2006 and recorded with the LER on June 26, 2006, in Book 8131, Page 90 (the "Mortgage").  A certified copy of the Mortgage is attached hereto as <u>Exhibit 2</u>[1].

11. Mortgage Electronic Registration Systems, Inc. acting solely as nominee for MortgageIt, Inc. assigned the Mortgage to Plaintiff, U.S. Bank National Association, As Trustee For Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-2N ("U.S. Bank") by assignment dated October 20, 2015, and recorded with the LER on November 2, 2015, in Book 11250, Page 285.  A certified copy of the Assignment is attached hereto as <u>Exhibit 3</u>.

---

[1] As pleadings are filed electronically, the exhibits referred to herein are copies of certified documents and the loan number has been redacted for the borrower's protection. Undersigned counsel is prepared to produce the original certified documents for the Court's inspection upon request.

12. Under the terms of the Note and Mortgage, Hilaria M. Valentin was obligated to make monthly principal and interest payments together with a monthly escrow payment as computed by the mortgagee sufficient to pay real estate taxes and hazard insurance premiums in connection with the Property through the July 1, 2045 maturity date of the Loan.

13. Hilaria M. Valentin has defaulted in her monthly payment obligations due under the Note and Mortgage, and the mortgage account with Ocwen is now due for the July 1, 2015 payment together with all subsequently accrued but unpaid installments.

14. Pursuant to the terms of the Mortgage, Plaintiff through its attorneys, Korde & Associates, P.C. sent Hilaria M. Valentin Notices of Default dated July 28, 2016, via first class and certified mail to the Property address. True and accurate copies of said Notices are attached hereto as Exhibit 4.

15. The default set forth in the July 28, 2016 Notices of Default was never cured. A true and accurate copy of the payment history maintained by Ocwen in connection with the subject mortgage loan is attached hereto as Exhibit 5.

16. On September 16, 2016, U.S. Bank, through its attorneys, Korde & Associates, P.C., sent Hilaria M. Valentin a Notice of Acceleration via certified and first class mail at the Property address. True and accurate copies of said Notices are attached hereto as Exhibit 6.

COUNT I

FOR DECLARATORY JUDGMENT

17. U.S. Bank re-alleges and incorporates by reference herein the allegations contained in paragraphs 1-16 above.

18. U.S. Bank seeks a judgment from this Court declaring that (a) U.S. Bank National Association, As Trustee For Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-

2N is the holder of the Note and holder of the Mortgage and is the entity entitled to enforce the default remedies provided for in the Note and Mortgage, including exercise of the power of sale provided for therein (see paragraph 22 of the Mortgage) and (b) that the Defendant, Hilaria M. Valentin, is in default of her obligations set forth in the Note and Mortgage.

## COUNT II

### FOR DECREE BARRING ALL RIGHTS OF REDEMPTION AND VESTING TITLE IN THE PLAINTIFF FREE OF ALL CLAIMS

19. U.S. Bank re-alleges and incorporates herein by reference the allegations contained in paragraphs 1-16 above.

20. U.S. Bank seeks a decree of this Court pursuant to R.I. Gen. Laws § 34-27-1 (a) forever barring any rights of redemption which the Defendant may have under the terms of the Mortgage and (b) vesting title to the Property in favor of the Plaintiff, U.S. Bank, free of any and all right, title, interest or claim of the Defendant to this action.

## COUNT III

### FOR AN ORDER OF SALE

21. U.S. Bank re-alleges and incorporates by reference the allegations contained in paragraphs 1-16 above.

22. In the alternative to the relief sought in Count II hereof, U.S. Bank seeks an order of this Court pursuant to R.I. Gen. Laws §34-27-1 or otherwise authorizing and directing U.S. Bank to sell the property at public sale or by such other means and subject to such terms and conditions and with notice to such persons as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of the Defendant and otherwise free of any and all other rights, title, interests or claims of the Defendant to this action. In relation thereto, U.S. Bank further seeks an order allowing it to

credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale.

WHEREFORE, U.S. Bank National Association, As Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-2N ("U.S. Bank") requests that the Court:

(a) Given the equitable nature of a proceeding brought pursuant to R.I. Gen. Laws §34-27-1 the Plaintiff prays that in the event the Defendant, Hilaria M. Valentin, should appear in this action at any time prior to entry of a default against her, the Court enter an order staying proceedings in the case for a period of sixty (60) days to afford the Defendant an opportunity to submit a completed application for loss mitigation to the Plaintiff and for the Plaintiff, in turn, to render a determination of the Defendant's eligibility (or lack thereof) for any available foreclosure alternatives based on such application unless such Defendant should affirmatively decline in a pleading or other document filed with the Court that she does not wish to submit such an application;

(b) Issue a decree determining that the Defendant, Hilaria M. Valentin, is in default of her obligations under the terms of the Note and Mortgage;

(c) Issue a decree determining that the Plaintiff, U.S. Bank National Association, As Trustee For Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-2N, is the present holder of the note and the present holder of the mortgage and entitled to enforce the default remedies provided for therein;

(d) Issue a decree forever barring of the Defendant exercise of any rights of redemption, if any, provided for in the Mortgage and/or by operation of law and vesting title to the Property in the Plaintiff, U.S. Bank, free of any and all right, title, interest or claim of the Defendant or any other person or entity who records a lien or interest in the Property after

Plaintiff records a Lis Pendens identifying the within action with the City of Providence Land Evidence Records;

(e)     In the alternative to the relief sought in the preceding paragraph (d), issue an order authorizing and directing the Plaintiff to sell the Property at public sale or by such other means and upon such notice and to such persons as the Court should direct with such sale culminating in a deed or order vesting title in the successful purchaser free of all rights of redemption on the part of the Defendant and otherwise free of any and all other rights, title, interest or claim of the Defendant to this action or any other person or entity who records a lien or interest in the Property after Plaintiff records a Lis Pendens identifying the within action with the Providence Land Evidence Records;

(f)     Authorize the Plaintiff to credit bid up to the amount of the total debt owed to it under the Note and Mortgage at any such public sale; and

(g)     Grant such other and further relief as the Court deems just and proper.

February 26, 2018                             Respectfully Submitted,

U.S. Bank National Association, As Trustee For Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-2N

By its Attorney,

/s/ Catherine V. Eastwood
Catherine V. Eastwood, Esq., RI# 6406
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 249)
ceastwood@kordeassociates.com